The Honorable Shane Broadway State Senator 201 Southeast Second Street Bryant, AR 72022
Dear Senator Broadway:
I am writing in response to your request for an opinion on the following:
 I am writing to request an official opinion of your office concerning the Arkansas Local Police and Fire Retirement System (LOPFI), Ark. Code Ann. §§ 24-10-101 through 24-10-709.
 The City of Bauxite adopted retirement coverage provided by LOPFI for its police department on December 14, 2004. As you can see from the documents I have enclosed for your review, the City of Bauxite was under the impression that state insurance tax turnback revenues would be used for the funding of retirement coverage for its police officers.
 It appears that the state turnback funds were not sufficient to cover Bauxite's police officer retirement coverage as Bauxite currently has a delinquent account with LOPFI. Therefore, per statute LOPFI instructed the Treasurer of State to withhold all state turnback revenues to the City of Bauxite until the delinquency is satisfied.
 The City of Bauxite would like to opt out of LOPFI at this point. My question is: What can the City of Bauxite do to terminate the contract with LOPFI?
RESPONSE
In my opinion, once a political subdivision, such as the town of Bauxite, has elected to extend retirement coverage to police officers under the Local Police Firefighter Retirement System ("LOPFI") statutes, continued participation in LOPFI is mandatory under A.C.A. § 24-10-301(4).
From your request for an opinion, it is apparent that the town of Bauxite elected to become an employer under the LOPFI statutes in 2004. This indicates that Bauxite did not have a pre-existing "relief fund" at the time of the operative date of the LOPFI statutes, January 1, 1983. See Gonzales v. City of DeWitt, 357 Ark. 10, 16, 159 S.W.3d 298 (2004) (political subdivisions without relief funds on the operative date of the LOPFI statutes are not required to join the LOPFI system but have discretion to do so under A.C.A. § 24-10-302). If Bauxite had a "relief fund" that covered police officers on January 1, 1983, A.C.A. §24-10-301(a)(2) required that all police officers hired after January 1, 1983, "shall become a member" of LOPFI. See also Op. Att'y Gen. 2001-155 at 3-4. Concerning cities without "relief funds" that elect to join LOPFI, the Arkansas Code provides in pertinent part:
 (a) Each political subdivision without a relief fund in effect on the operative date may elect, by a majority vote of its governing body, to become an employer and cover its employees under the system as follows:
 (1) The clerk of the political subdivision shall certify, in a manner and form acceptable to the board [of trustees of the Arkansas Local Police Fire Retirement System], the determination of the political subdivision to the board within ten (10) days from and after the vote of the governing body. The effective date of the political subdivision's coverage shall be the first date of the calendar month next following receipt by the board of the determination;
 (2) An employer may cover its employees who are police officers or its employees who are firefighters, or both groups.
A.C.A. § 24-10-302(a) (Repl. 2002). Attached to your request for an opinion is a copy of a LOPFI board-approved document entitled "Form of Resolution to Adopt Retirement Coverage" specifying that the Town Council of Bauxite resolved to cover its "police officers" in LOPFI and received by the LOPFI board on December 14, 2004.
With regard to coverage to be provided to police officers in LOPFI once a political subdivision that did not have a "relief fund" at the effective date of the act chooses to enroll its police officers in the LOPFI system, the Arkansas Code states:
 (a) The membership of the Arkansas Local Police and Fire Retirement System shall include the following persons:
 * * *
 (4) If his or her employer did not have its police officers covered by a relief fund on the operative date, all persons employed as police officers on the date the employer covers police officers under this subchapter shall become members of the system as of that date, and each person first employed as a police officer thereafter shall become a member upon employment.
A.C.A. § 24-10-301(Repl. 2002) (emphasis added). This provision is mandatory in that once a political subdivision opts in to the LOPFI system, every subsequently hired police officer "shall" be a member of LOPFI. See Op. Att'y Gen. 2001-155 at 3; and Op. Att'y Gen. 99-088 at 1; see also Gonzalez, supra at 16-17 (noting that the Arkansas Supreme Court recognizes "may" as indicative of discretionary or permissive authority and the use of "shall" as requiring mandatory compliance).
Your request for an opinion asks what procedures or standards are in place to allow Bauxite to remove itself and its police officers from the LOPFI system. In my opinion, this is not possible under the existing law. It is mandatory that once a political subdivision opts to become an "employer" under LOPFI, every subsequently hired qualifying employee "shall" be enrolled in LOPFI. See Op. Att'y Gen. 99-088 at 3-4 (opining that political subdivisions that are required to cover their employees under LOPFI do not have the option to drop LOPFI coverage or fail to enroll new hires in the LOPFI system). Furthermore, a political subdivision is prohibited from creating a program that does substantially the same thing as LOPFI. A.C.A. §24-10-302(c). In short, once a political subdivision that did not have a relief fund in place on January 1, 1983 opts to enroll its police officers in LOPFI, it is mandatory that from that point on that every police officer hired shall be enrolled in LOPFI.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB: JMD/cyh